UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THOMAS EASTON,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, KRISTOPHER G. KYES, individually and in his official capacity as DMV Medical Programs Coordinator, and DEPARTMENT OF MOTOR VEHICLES (DMV),<br><br>                              Defendants. | Case No.: 6:19-cv-01978-MK<br><br>OPINION AND ORDER |

**KASUBHAI, Magistrate Judge:**

       Plaintiff, proceeding *pro se*, brought an action in Lane County Circuit Court, Case No. 19CV47541, against Carolyn M. Howell ("Howell"), Kristopher G. Kyes ("Kyes"), and the Department of Motor Vehicles ("DMV")[1], alleging due process violation of the Fourteenth Amendment, personal injury, and intentional infliction of emotional distress. Compl., ECF No. 1-2. The United States timely removed the case to this Court pursuant to 28 U.S.C. § 2679(d)(2)

---

[1] Plaintiff initially named Howell as the sole defendant and later amended the complaint to add Kyes and DMV as co-defendants. Pl.'s Mot. Remand 1, ECF No. 13.

1 – OPINION AND ORDER

and 28 U.S.C. § 1442(a)(1) and asserts itself to be the substitute Defendant. Notice of Removal 2-3, ECF No. 1. Both parties consent to jurisdiction by a U.S. Magistrate Judge. ECF No. 23.

Before the Court are (1) Defendant United States' Motion to Dismiss (ECF No. 3), (2) Plaintiff's Motion to Remand to State Court (ECF No. 13), (3) Defendant's Motion to Dismiss All Claims Against Kristopher G. Kyes and Oregon Department of Motor Vehicles (ECF No. 15), (4) Plaintiff's Motion for Summary Judgment (ECF No. 20), and (5) Plaintiff's Motion for Leave to Amend Complaint (ECF No. 24).

For the reasons set forth below, Plaintiff's Motion to Remand to State Court (ECF No. 13) is DENIED; Plaintiff's Motion for Leave to Amend Complaint (ECF No. 24) is DENIED; Defendant's Motion to Dismiss (ECF No. 3) is GRANTED; Defendant's Motion to Dismiss All Claims Against Kristopher G. Kyes and Oregon Department of Motor Vehicles (ECF No. 15) is GRANTED; Plaintiff's Motion for Summary Judgment is DENIED as moot. The Complaint is dismissed with prejudice.

## BACKGROUND

According to the Complaint, Howell is a nurse practitioner at "VA Eugene Clinic" and Kyes is a "DMV Medical Programs Coordinator". Compl. 1, ECF No. 1-2. Plaintiff alleges that Howell reported to DMV that Plaintiff was suffering from malignant hypertension and that "he refused to take [Howell's] prescribed blood pressure medications." *Id.* ¶¶ 7, 9. As a result, his driver's license was suspended by DMV. *See id.* ¶¶ 7-9. Plaintiff alleges "bad faith impairment referral" and intentional infliction of emotional distress against Howell. *Id.* ¶¶ 10-11.

Plaintiff also alleges due process violation and intentional infliction of emotional distress against DMV and Kyes because they did not appear at the administrative hearing and "did not follow their own rules and procedures" to suspend Plaintiff's driver's license. *Id.* ¶¶ 12-19.

The United States removed this action to this Court pursuant to 28 U.S.C. § 2679(d)(2) and 28 U.S.C. § 1442(a)(1). Notice of Removal 2, ECF No. 1. In removing this case, "the Chief of the Civil Division of the U.S. Attorney's Office has certified that Ms. Howell was acting within the scope of her employment with the U.S. Department of Veterans Affairs at the time of the incident out of which Plaintiff's claims against her arose." *Id.* at 2, ECF No. 1 (citing Ex. 1, Certification). The United States substituted itself as a party defendant in lieu of Howell, as the claims against her are deemed to be against the United States. *Id.* at 3; 28 U.S.C. § 2679(d)(2).

Prior to this action, Plaintiff filed an action in this Court against defendants including Howell, Kyes and DMV. *Easton v. Shulkin*, 18-cv-233-AA ("*Easton I*"), ECF Nos. 1, 5, 28. In *Easton I*, Plaintiff challenged Howell's submission of a mandatory impairment referral form to Oregon DMV, alleging that the submission was done illegally and caused him to lose driving privileges. *See id.* ¶¶ 14, 25-26. Plaintiff also alleged the same facts against DMV and Kyes as alleged in the instant case. *See id.* ¶¶ 22-27. The Court dismissed *Easton I* under Federal Rules of Civil Procedure 12(b)(6) finding that Plaintiff's ADA retaliation claim fails because he "failed to make a but-for causal connection." *Easton I*, Op. and Order 5-6, ECF No. 36. Plaintiff appealed the dismissal of *Easton I* and *Easton I* is pending before the Ninth Circuit. *Easton v. Shulkin*, No. 19-35699 (9th Cir.).

## DISCUSSION

The Court first addresses Plaintiff's Motion to Remand and Motion for Leave to Amend Complaint because their disposition determines whether there is federal jurisdiction.

**1. Plaintiff's Motion to Remand**

Plaintiff moves to remand on the grounds that "[t]he State defendants are in default, not having appeared to defend in State court or this court within the 30 days allowed, service on

them perfected on 12/02/2019." Pl.'s Mot. Remand, ¶ 4, ECF No. 13. Plaintiff contends that "the State defendants should no longer be allowed to plead the 11th Amendment since the Ninth Circuit recently ruled that a state waives its immunity by removing to federal court." *Id.* ¶ 9. Plaintiff also challenges the *Easton I* decision. *Id.* ¶ 7. The rest of Plaintiff's arguments concern the merit of his claims. *See id.* ¶¶ 5-6, 8.

Under 28 U.S.C. § 1442(a)(1),

A civil action … that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Here, "the Chief of the Civil Division of the U.S. Attorney's office has certified that Ms. Howell was acting within the scope of her employment within the U.S. Department of Veterans Affairs at the time of the incident out of which Plaintiff's claims against her arose." Notice of Removal 2, ECF No. 1.

Pursuant to 28 U.S.C. § 2679(d)(2):

Upon certification …, any civil action or proceeding commenced upon such claim in a State court *shall* be removed without bond at any time before trial by the Attorney General to the district court of the United States … Such action or proceeding *shall* be deemed to be an action or proceeding brought against the United States …, and the United States *shall* be substituted as the party defendant. This certification shall conclusively establish scope of office or employment for purposes of removal."

*Id.* (emphasis added).

Therefore, removal of this case is required under 28 U.S.C. § 2679(d)(2). The United States' substitution as the party defendant is also required. *Id.*

Further, the Federal Torts Claims Act ("FTCA") provides that "the district courts … *shall* have exclusive jurisdiction of civil actions on claims against the United States, … by … any employee of the Government while acting within the scope of his office or employment[.]" 28 U.C.C. § 1346(b)(1) (emphasis added). Accordingly, exclusive jurisdiction by this Court is required. Plaintiff's Motion to Remand is denied.

## 2. Plaintiff's Motion for Leave to Amend Complaint

Plaintiff seeks leave to amend by removing "any allegation of violation of federal law and violation of federal constitution so that nothing distracts from the identical core of the first amended complaint, which is based only on common law, Oregon law, and the Oregon constitution." Pl.'s Mot. for Leave to Amend Compl. 2, ECF No. 24. As discussed above under Plaintiff's Motion to Remand, this Court has exclusive jurisdiction because the claims are deemed to be against the United States. Amendment by merely removing federal claims would be futile. Plaintiff's Motion for Leave to Amend Complaint is denied.

## 3. The United States' Two Motions to Dismiss

The United States filed two motions to dismiss: Motion to Dismiss Under Rule 12(b)(6) and Rule 12(b)(1), and Motion to Dismiss All Claims Against Kristopher G. Kyes and Oregon Department of Motor Vehicles (DMV) (collectively "State Defendants"), and Joinder in Defendant United States' Motion to Dismiss. ECF Nos. 3, 15. In both motions, the United States seeks dismissal with prejudice based on Rule 12(b)(6) because Plaintiff's claims are barred by claim preclusion. Mot. Dismiss 7, ECF No. 3; Mot. Dismiss 2, ECF No. 15.

Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not re[-]litigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine,* 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968

(2001). In order for claim preclusion to apply, there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties. *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (internal quotation marks and citation omitted). In *Easton I*, Plaintiff alleged that Howell submitted a Mandatory Impairment Referral form to DMV, reporting that Plaintiff was suffering from a chronic malignant hypertension, with a risk of sudden death or stroke or heart attack. *Easton I*, 18-cv-233-AA, Compl. ¶ 14, ECF No. 1. As a result, Plaintiff's driver's license was suspended. *Id.* ¶ 15. In the instant case, Plaintiff alleges the same facts: his driver's license was suspended because of Howell's report to DMV. Compl. ¶¶ 7-9, ECF No. 1-2. Plaintiff does not dispute that he has alleged the same facts in both cases but contends that the element of identity of claims is not met because there was "no adjudication of facts" in *Easton I*. Pl.'s Resp. ¶¶ 18, 24, ECF No. 9. However, factual adjudication in the prior litigation is not an element of the claim preclusion doctrine. *See Glickman*, 123 F.3d at 1192. Plaintiff's argument fails. Because both suits arise out of the same transactional nucleus of facts, there is an identity of claims.

Second, the Court entered a final judgment and dismissed *Easton I* with prejudice under Rule 12(b)(6). *Easton I*, 18-cv-233-AA, ECF Nos. 29, 39, 40. A dismissal under Rule 12(b)(6) is a "judgment on the merits." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981). The second element of claim preclusion is satisfied.

As to the third element of claim preclusion, Plaintiff sued Howell, Kyes, and DMV in both *Easton I* and this case. *Easton I*, 18-cv-233-AA, Second Am. Compl., ECF No. 28; Compl,

ECF No. 1-2.  Because a claim against a federal employee acting within the scope of his or her employment "shall be deemed to be an action … against the United States[,]" the claims against Howell in both *Easton I* and this action shall be deemed to be claims against the United States. 28 U.S.C. § 2679(d)(2).  As such, identity of parties exists because Plaintiff brought the two actions against the same defendants: the United States, Kyes and DMV.

With all three elements of claim preclusion satisfied, Plaintiff's claims are barred.  The Court needs not reach additional arguments raised by the parties.  The United States' Motion to Dismiss (ECF No. 3) and Motion to Dismiss All Claims Against Kyes and DMV (ECF No. 15) are granted.  Amendment would be futile because of claim preclusion.  This case is dismissed with prejudice.

**4. Plaintiff's Motion for Summary Judgment**

Because this case is dismissed with prejudice, Plaintiff's Motion for Summary Judgment is denied as moot.

## CONCLUSION

Plaintiff's Motion to Remand (ECF No. 13) is DENIED.  Plaintiff's Motion for Leave to Amend Complaint (ECF No. 24) is DENIED.  The United States' Motion to Dismiss (ECF No. 3) is GRANTED.  The United States' Motion to Dismiss All Claims Against Kristopher G. Kyes and Oregon Department of Motor Vehicles (ECF No. 15) is GRANTED.  Plaintiff's Motion for Summary Judgment is DENIED as moot.  The Complaint is dismissed with prejudice.

DATED this 8th day April 2020.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI<br>
United States Magistrate Judge